J-S02027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARRY LEO LICIAGA | |
| Appellant | No. 1529 EDA 2016 |

Appeal from the PCRA Order entered April 19, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-CR-0003464-1989

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and MOULTON, JJ.

MEMORANDUM BY STABILE, J.:                **FILED MARCH 23, 2017**

Appellant, Harry Leo Liciaga, appeals from the April 19, 2016 order entered in the Court of Common Pleas of Lehigh County, denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  On appeal, Appellant argues the PCRA court erred in dismissing the instant PCRA petition as untimely.  We disagree.  Accordingly, we affirm the order.

The underlying facts of this matter are not in dispute.[1]  The PCRA court adequately summarized the same in its opinion dated May 4, 2016.  Thus, we need not repeat them here again.  Procedurally, we note this is

_____

[1] Relevant to this matter, it is also undisputed that Appellant was 18 years old at the time he committed the underlying crimes.  **See** Appellant's Brief at 5.

Appellant's third PCRA petition, which Appellant filed on April 1, 2016, approximately twenty years after his judgment became final.[2]

On appeal, Appellant argues he is entitled to PCRA relief under **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016), and **Miller v. Alabama**, 132 S.Ct. 2455 (2012). We disagree.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the

_____

[2] The trial court sentenced Appellant on November 1, 1990. We affirmed Appellant's judgment of sentence on August 15, 1996. Appellant did not petition our Supreme Court for allowance of appeal. Accordingly, Appellant's judgment, for purposes of the PCRA, became final on September 14, 1996, upon expiration of the 30-day period he had to file a petition for allowance of appeal with our Supreme Court.

merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. **See Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008) (consideration of **Brady** claim separate from consideration of its timeliness). The timeliness requirements of the PCRA petition must be met, even if the underlying claim is a challenge to the legality of the sentence. **See Commonwealth v. Holmes**, 933 A.2d 57, 60 (Pa. 2007) ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto") (citing **Commonwealth v. Fahy**, 737 A.2d 214, 223 (1999)).

Preliminarily, we must determine the nature of the action brought by Appellant, *habeas corpus* or PCRA.[3] As noted, Appellant is challenging the legality of his sentence. Thus, despite Appellant's argument to the contrary, the claim raised here is cognizable under the PCRA, and the instant filing must be treated as a PCRA petition. **See**, **e.g.**, **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013). Accordingly, the PCRA court properly treated Appellant's filing as a PCRA petition.

Next, we must determine whether the instant petition is timely. As noted above, this is Appellant's third PCRA petition, filed in 2016, over 20 years after his judgment of sentence became final. As such, the instant

---

[3] Appellant's brief and reply brief describes the underlying action as a petition for *habeas corpus*. The PCRA court treated it as a PCRA petition.

petition is facially untimely. To overcome the untimeliness of the petition, Appellant argues that he is entitled to review based on **Miller**[4] as interpreted in **Montgomery**.[5] We disagree.

Even if **Montgomery** would make his petition timely, he is not entitled to relief under **Miller**. We have repeatedly held that **Miller** does not apply to defendants who were eighteen or older when they committed murders. **See**, **e.g.**, **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016). As noted above, Appellant was 18 years old at the time of the underlying crimes. Accordingly, Appellant has no claim under **Miller**. Because Appellant has no claim under **Miller**, **Montgomery** does not affect the outcome of this matter.

Appellant also argues that despite the fact he was an adult at the time of the crimes, **Miller** should be applied to him because his brain, as is the case in juveniles, was not fully developed. We rejected a similar contention in **Commonwealth v. Cintora**, 69 A.3d 759 (Pa. Super. 2013). In **Cintora**, two appellants, who were nineteen and twenty-one years of age at

_____

[4] **Miller** held that "mandatory life without parole for those *under the age of 18 at the time of their crimes* violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments." **Miller**, 132 S.Ct. at 2460 (emphasis added).

[5] In **Montgomery** the Unites States Supreme Court held that **Miller** was a new substantive rule that, under the United States Constitution, must be retroactive in cases on state collateral review. Montgomery, 136 S.Ct. at 736.

the time of their underlying crimes, and sentenced to life imprisonment, claimed:

> [T]hat because **Miller** created a new Eighth Amendment right, that those whose brains were not fully developed at the time of their crimes are free from mandatory life without parole sentences, and because research indicates that the human mind does not fully develop or mature until the age of 25, it would be a violation of equal protection for the courts to treat them or anyone else with an immature brain, as adults. Thus, they conclude that the holding in **Miller** should be extended to them as they were under the age of 25 at the time of the murder and, as such, had immature brains.

**Cintora**, 69 A.3d at 764. In rejecting the argument, we concluded that "[a] contention that a newly-recognized constitutional right *should* be extended to others does not render their petition timely pursuant to [S]ection 9545(b)(1)(iii)." **Id.** (emphasis added). Thus, as in **Cintora,** Appellant's claim that **Miller** applied to the case *sub judice* based on his mental development is without merit.

In light of the foregoing, we conclude that Appellant's PCRA petition is untimely and that Appellant failed to plead and prove any exception to save it from the PCRA time bar. Accordingly, we will not review the merits of Appellant's contentions because we have no jurisdiction to entertain an untimely PCRA petition. **See Chester**, **supra**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2017